THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Case No. 1:22-cv-3372

PREPARED FOOD PHOTOS, INC. f/k/a
ADLIFE MARKETING &
COMMUNICATIONS CO., INC.,

       Plaintiff,

v.

N & K FOODS, INC. d/b/a WINGS, THINGS
& PIZZA and MYPIZZA TECHNOLOGIES,
INC. d/b/a SLICE,

       Defendants.

---

## COMPLAINT

Plaintiff Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc.

("Plaintiff") sues defendants N & K Foods, Inc. d/b/a Wings, Things & Pizza ("Wings, Things &

Pizza") and MyPizza Technologies, Inc. d/b/a Slice ("Slice") (collectively, the "Defendants"), and

alleges as follows:

## THE PARTIES

1.    Plaintiff is a corporation organized and existing under the laws of the State of

Florida with its principal place of business located in Broward County, Florida.

2.    Wings, Things & Pizza is a corporation organized and existing under the laws of

the State of Maryland with its principal place of business located at 7151 Security Blvd., Windsor

Mill, MD 21244. Wings, Things & Pizza's agent for the service of process is: Khalil Dad, 13

South Tollgate Road, Owings Mills, MD 21117.

3.    Slice is a corporation organized and existing under the laws of the State of Delaware

with its principal place of business located at 902 Broadway, New York, NY 10010. Slice's agent for service of process is: Ilir Sela, 902 Broadway, New York, NY 10010.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Wings, Things & Pizza because it has maintained sufficient minimum contacts with Maryland such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.  This Court has personal jurisdiction over Slice pursuant to Md. Code Ann., Cts. & Jud. Proc. § 6-103 (b)(1) and (b)(4).[1] Further, the exercise of personal jurisdiction over Slice would not offend traditional notions of fair play and substantial justice.

6.      Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendants or their agents reside or may be found in this district.  "The language 'may be found' means any district which may assert personal jurisdiction over a defendant."  Johnson v. Sky Media, LLC, No. 1:19-3269-MGL-PJG, 2020 U.S. Dist. LEXIS 73016, at *16-17 (D.S.C. Apr. 23, 2020).  In other words, venue is proper in his District because Defendant is subject to personal jurisdiction in this District.  See Big Guy's Pinball, LLC v. Lipham, No. 14-CV-14185, 2015 U.S. Dist. LEXIS 89512, at *2 (E.D. Mich. July 10, 2015).

---

[1]      Mike's Train House, Inc. v. Metro. Transp. Auth., No. 16-cv-02031-JFM, 2016 U.S. Dist. LEXIS 155860, at *7 (D. Md. Nov. 9, 2016) (Maryland courts have consistently held that Maryland's long-arm statute "is coextensive with the limits of personal jurisdiction set by the due process clause of the Federal Constitution," and so the statutory inquiry necessarily "merges with [the] constitutional examination.") (referencing Perdue Foods LLC v. BRF S.A., 814 F.3d 185, 188 (4th Cir. 2016)).

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

## FACTS

### I.     Plaintiff's Business and History

7.     Plaintiff is in the business of licensing high-end, professional photographs for the food industry.

8.     Through its commercial website (www.preparedfoodphotos.com), Plaintiff offers a monthly subscription service which provides access to/license of tens of thousands of professional images.

9.     Plaintiff charges its clients (generally, grocery stores, restaurant chains, food service companies, etc.) a minimum monthly fee of $999.00 for access to its library of professional photographs.

10.     Plaintiff does not license individual photographs or otherwise make individual photographs available for purchase. Plaintiff's business model relies on its recurring monthly subscription service such that Plaintiff can continue to maintain its impressive portfolio.

11.     Plaintiff owns each of the photographs available for license on its website and serves as the licensing agent with respect to licensing such photographs for limited use by Plaintiff's customers. To that end, Plaintiff's standard terms include a limited, non-transferable license for us of any photograph by the customer only. Plaintiff's license terms make clear that all copyright ownership remains with Plaintiff and that its customers are not permitted to transfer, assign, or sub-license any of Plaintiff's photographs to another person/entity.

### II.     The Work at Issue in this Lawsuit

12.     In 2005, Plaintiff created a photograph titled "ChickenTender004" (the "Work"). A copy of the Work is exhibited below:

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



13.     The Work was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the Photograph to Plaintiff) with the Register of Copyrights on September 29, 2016 and was assigned Registration No. VA 2-017-741. A true and correct copy of the Certification of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

14.     Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

### III.   Defendants' Unlawful Activities

15.     Wings, Things & Pizza owns and operates a restaurant in Windsor Mill, Maryland. Wings, Things & Pizza primarily sells wings, pizza, salads, and subs.

16.     Wings, Things & Pizza advertises/markets its business primarily through its website (https://www.wingsthingspizzamenu.com/?utm_source=gbp and http://wingsandthingspizza.com),[2] online ordering platform (https://slicelife.com/restaurants/md/windsor-mill/21244/wings-things-pizza/menu), social media (e.g., https://www.facebook.com/groups/289061265453835), and other forms of advertising.

---

[2]     Wings, Things & Pizza owned this domain from at least 2011 to 2020 – it has since allowed the domain to expire.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

17.     Slice is an online food ordering platform for independent pizzerias. Slice allows pizzeria owners (like Wings) to offer their products to customers using a mobile-optimized website, where customers can place orders through the Slice app and social media channels.

18.     Slice advertises/markets its business primarily through its website (https://slicelife.com/), social media (e.g., https://www.facebook.com/SlicePizzaApp/), and other forms of advertising.

19.     At all times relevant hereto, Wings, Things & Pizza and Slice maintained a contractual relationship whereby Slice provided the software to manage the ordering, operations, and marketing for Wings.

20.     On a date after Plaintiff's above-referenced copyright registration of the Work, Wings, Things & Pizza and/or Slice published the Work on Slice's website (at https://slicelife.com/restaurants/md/windsormill/21244/wings-things-pizza/menu):



21.     A true and correct copy of a screenshot of Slice's website, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

22.     Defendants are not and have never been licensed to use or display the Work. Defendants never contacted Plaintiff to seek permission to use the Work in connection with Slice's website, social media, or for any other purpose.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

23.     Defendants utilized the Work for commercial use – namely, in connection with the marketing and sale of chicken wings at Wings, Things & Pizza.

24.     Upon information and belief, Wings, Things & Pizza and/or Slice located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for Wings, Things & Pizza's own commercial use.

25.     Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendants' unauthorized use/display of the Work in April 2022. Following Plaintiff's discovery, Plaintiff (through its agents) notified Defendants in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of its Work.

26.     All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT
### (Slice)

27.     Plaintiff re-alleges and incorporates paragraphs 1 through 26 as set forth above.

28.     The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

29.     Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

30.     As a result of Plaintiff's reproduction, distribution, and public display of the Work, Slice had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website.

31.     Slice reproduced, distributed, and publicly displayed the Work without

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

authorization from Plaintiff.

32.     By its actions, Slice directly infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes and for the commercial purposes of Wings.

33.     Alternatively, to the extent Slice did not directly infringe Plaintiff's rights in the Work, Slice is liable for vicarious infringement.

34.     "The Copyright Act does not specifically provide for such extended liability, instead describing only the party who actually engages in infringing conduct - the one who directly violates the prohibitions. Yet under general principles of law, vicarious liability or contributory liability may be imposed." CoStar Grp., Inc. v. LoopNet, Inc., 373 F.3d 544, 549–550 (4th Cir. 2004).

35.     "Under a theory of vicarious liability, a defendant who 'has the right and ability to supervise the infringing activity and also has a direct financial interest in such activities' is similarly liable." Id. at 550 (quoting Gershwin Publishing Corp., 443 F.2d at 1162).

36.     As the owner of the website in question and the entity which designed/published content thereon, on behalf of its contractual relationship with Wings, Slice has the right and ability to control Wings' infringing acts yet declined or failed to stop Wings from engaging in its infringing activity.

37.     Slice's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright.

38.     Notably, Slice itself utilizes a copyright disclaimer on its website ("Copyright © 2022 Slice"), indicating that Slice understands the importance of copyright protection/ intellectual property rights and is in actuality representing that it owns each of the photographs

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

published on its website.  <u>See, e.g.</u>, <u>Bell v. ROI Prop. Grp. Mgmt., LLC</u>, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage; <u>John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.</u>, Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation….")  Slice clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

39.     Plaintiff has been damaged as a direct and proximate result of Slice's infringement.

40.     Plaintiff is entitled to recover its actual damages resulting from Slice's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Slice's profits from infringement of the Work, which amounts shall be proven at trial.

41.     Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

42.     Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Slice's conduct.

43.     Slice's conduct has caused, and any continued infringing conduct will continue to

cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Slice as follows:

a. A declaration that Slice has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Slice, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Slice, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

## COUNT II – COPYRIGHT INFRINGEMENT
### (Wings, Things & Pizza)

44. Plaintiffs re-allege and incorporate paragraphs 1 through 26 as set forth above.

45. The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

46. Plaintiff owns a valid copyright in the Work, having registered the Work with the

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

47.     As a result of Plaintiff's reproduction, distribution, and public display of the Work, Wings, Things & Pizza had access to the Work prior to its own reproduction, distribution, and public display of the Work on Slice's website.

48.     Wings, Things & Pizza reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

49.     By its actions, Wings, Things & Pizza infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

50.     Alternatively, to the extent Wings, Things & Pizza did not directly infringe Plaintiff's rights in the Work, Wings, Things & Pizza is liable for contributory infringement.

51.     "The Copyright Act does not specifically provide for such extended liability, instead describing only the party who actually engages in infringing conduct - the one who directly violates the prohibitions. Yet under general principles of law, vicarious liability or contributory liability may be imposed." CoStar Grp., Inc., 373 F.3d at 549–550.

52.     "Under a theory of contributory infringement, 'one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another' is liable for the infringement, too." Id. at 550 (quoting Gershwin Publishing Corp. v. Columbia Artists Mgmt., Inc., 443 F.2d 1159, 1162 (2d Cir. 1971)).

53.     As Wings, Things & Pizza guides and implements the marketing plans for its partner website with Slice, Wings, Things & Pizza has the ability to influence and control the infringing acts of its clients.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

54.     Thus, assuming Wings, Things & Pizza did not directly infringe, Wings, Things & Pizza caused or materially contributed to Slice's infringing activity.  Wings, Things & Pizza encouraged Slice to utilize copyrighted imagery on Slice's website, all while knowing the material was copyright protected.

55.     Wings, Things & Pizza obtained a direct financial benefit from its own and/or Slice's infringing activities.

56.     Wings, Things & Pizza's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Wings, Things & Pizza itself utilized a copyright disclaimer on its website ("2017 Wings and Things Pizza. All Rights Reserved"), indicating that Wings, Things & Pizza understands the importance of copyright protection/ intellectual property rights and is in actuality representing that it owns each of the photographs published on its website.  See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.'  By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage; John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation….")  Wings, Things & Pizza clearly understands that

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

57.     Plaintiff has been damaged as a direct and proximate result of Wings, Things & Pizza infringement.

58.      Plaintiff is entitled to recover its actual damages resulting from Wings, Things & Pizza unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Wings, Things & Pizza's profits from infringement of the Work, which amounts shall be proven at trial.

59.     Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

60.     Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Bravo's conduct.

61.     Wings, Things & Pizza's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Wings as follows:

a. A declaration that Wings, Things & Pizza has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Wings, Things & Pizza, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Wings, Things & Pizza, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

**<u>Demand For Jury Trial</u>**

Plaintiff demands a trial by jury on all issued so triable.

Dated: December 30, 2022.


COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ Daniel DeSouza____
      Daniel DeSouza, Esq.